# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAWN M. HANCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-271 |
| | ) | |
| DOLLAR GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to the Court's Order that defendant Dollar General be served with plaintiff's suit and various documents in this case, doc. 10 at 15, the United States Marshal apparently attempted to secure defendant's waiver of personal service, *see* doc. 13.[1]  Since defendant did not waive personal service, *see* doc. 13, the Clerk is **DIRECTED** to prepare and

---

[1] The United States Marshal only docked a Certified Mail receipt.  Doc. 13.  Since the Federal Rules of Civil Procedure do not provide for service of a Complaint on a defendant by mail, *see* Fed. R. Civ. P. 4(e), the Court assumes that the receipt indicates an attempt to secure defendant's waiver of personal service, *see* Fed. R. Civ. P. 4(d).  Since the Court cannot be sure how much time the waiver request provided for response, *see* Fed. R. Civ. P. 4(d)(1)(F) (requiring a party requesting waiver of personal service to "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver"), it will direct personal service.  This direction, however, shall not be construed as defendant's failure to waive.  *See* Fed. R. Civ. P. 4(d)(2).

transmit a service package to the Marshal. The service package must include a fully completed USM 285 form, the summons, one copy of the Complaint, doc. 1, the Order originally directing service, doc. 10, and this Order. The Clerk shall note the transmission to the Marshal on the docket. Upon receipt of the service package, the Marshal is **DIRECTED** to promptly personally serve the defendant.

**SO ORDERED**, this 17th day of December, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA