IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAWN HANCHARD,

       Plaintiff,

       v.

DOLLAR GENERAL,

       Defendant.

CIVIL ACTION NO.: 4:18-cv-271

**O R D E R**

*Pro se* Plaintiff Dawn Hanchard initiated this lawsuit against her former employer, Dollar General, by filing a Complaint in this Court, alleging that she suffered discrimination, harassment and defamation while working at a Dollar General store. (Doc. 1.) Prior to its deadline to answer the Complaint, Defendant filed a Motion to Stay Proceedings Pending Arbitration. (Doc. 17.) In the Motion, Defendant stated that Plaintiff's claims were covered by a valid and enforceable arbitration agreement that she signed during her employment and that Hanchard had agreed to a stay of the proceedings before this Court pending completion of arbitration pursuant to the Federal Arbitration Act ("FAA"). (Id. at p. 2.) Hanchard thereafter filed a "Notice of Consent to Stay Pending Arbitration." (Doc. 19.) The Court issued an Order granting the Motion to Stay in light of the parties' consent thereto.[1] (Doc. 20.) The Court stayed this civil action "pending completion of proceedings to be administered by the American Arbitration Association" and directed the parties, "[w]ithin fourteen days of the conclusion of American Arbitration Association proceedings," to "confer and submit either a notice of dismissal or a status report, containing the

---

[1] In the Order, the Court emphasized that it had not been asked to *direct* the parties to arbitrate the matter and, therefore, its Order did not specifically direct such action. (Doc. 20, p. 2.)

information required by Federal Rule of Civil Procedure 26(f) and a proposed scheduling order." (Id. at pp. 2–3.)

On March 18, 2025, Defendant filed a "Notice of Dismissal," alerting the Court that, on October 13, 2023, the Arbitrator has issued an order granting its motion to dismiss due to Plaintiff's obstructive behavior during the arbitration proceedings. (Doc. 38.) The Arbitrator's order dismissed Plaintiff's claims with prejudice, (see doc. 38-1), but for some reason the parties were not notified of the existence of the order (and the ruling contained therein) until March 7, 2025, (see doc. 38, pp. 1–2). According to the "Notice of Dismissal," Defendant's position is that, in light of the arbitrator's dismissal with prejudice, this lawsuit must be dismissed. (Id. at p. 2.) Defendant attached a copy of the Arbitrator's order as an exhibit to its filing. (Doc. 38-1.)

The Arbitrator's order states that Defendant's motion to dismiss was filed "following failed attempts to obtain requested information from [Plaintiff] during the discovery process." (Doc. 38-1, p. 1.) The order quotes verbatim Plaintiff's response to the motion to dismiss. (Id.) Therein, Plaintiff refers to Defendant's counsel as "idiot lawyers" and acknowledges that she ended her own deposition when she believed a line of question by Defendant's attorney was irrelevant. (Id.) The order confirms that Plaintiff had been "disrespectful to the Arbitrator and to [Defendant's] counsel as indicated in her response to the motion to dismiss," and it proceeds to describe the specific ways that Plaintiff had obstructed the discovery process. (Id. at p. 3.) For instance, the order recounts that some of Plaintiff's written discovery responses advised Defendant's counsel to "look it up your d—m [sic] self" and that, while Plaintiff (after much protest) finally provided medical authorizations to Defendant, she then refused to disclose the names of her medical providers. (Id.) The order also states that Plaintiff repeatedly resorted to "name calling and profanity" when Defendant attempted to confer with her on issues and that she was thirty minutes late to her deposition and then unilaterally concluded it by abruptly hanging up the phone when

2

asked about her legal names or names she had been known by.  (Id.)  The Arbitrator found that Plaintiff's "obstinate and irrational conduct prolonged and impaired the discovery process to the point that prevented this matter from being decided on the merits."  (Id.)  The order granted Defendant's Motion to Dismiss with prejudice, finding that Plaintiff's "conduct throughout this process has led [the Arbitrator] to conclude that a less[e]r sanction will not allow discovery to be completed so that the parties can proceed with the Arbitration and obtain a result on the merits." (Id. at p. 4.)

In her Response to Defendant's "Notice of Dismissal," Plaintiff vaguely alleges, without providing any factual support, that there was a "willful premeditated and malicious attempt by [the Arbitrator] as well as Dollar General's Attorneys to [t]hwart [her] case by using deliberate legal loop holes and so called clerical errors."  (Doc. 39, p. 1.)  She admits that she "cursed [the Arbitrator] out multiple times" and that she and the Arbitrator "had been arguing and getting into verbal altercations in every meeting from the very beginning."  (Id.)  She suspects—without providing any grounds in support—that Defendant may have actually known about the Arbitrator's order prior to March of 2025 but that it chose not to tell her.  (Id.)  In closing, she "ask[s] the [C]ourt to reverse [the Arbitrator's] decision to dismiss [her] case with prejudice."  (Id.)  Given her request for reversal of the Arbitrator's final order, the Court construes Plaintiff's Response as a motion pursuant to Section 10 of the FAA, 9 U.S.C. § 10, for vacation of an arbitration award.

Section 10 provides four statutory grounds upon which a court may vacate an arbitration award.[2]  Specifically, those grounds are where the award was procured by corruption, fraud or undue means; where there was evident partiality or corruption of the arbitrators; where the

---

[2] Section 10 bestows the authority to vacate an award upon "the United States court in and for the district wherein the award was made."  9 U.S.C. § 10(a).  It is unclear to the Court where the Arbitrator's determination here was made, but since the Court sees no basis for granting the requested relief, the Court need not determine whether it qualifies under the statutes as a court with authority to "make an order vacating the award."  See id.

3

arbitrators were guilty of misconduct by refusing to postpone the hearing or to hear evidence pertinent and material to the controversy, or of other misbehavior that prejudices any party; or where the arbitrators exceeded their powers. 9 U.S.C. 10 (1)-(4).

Having reviewed the Arbitrator's detailed order and considering the fact that Plaintiff mostly admits (or at least neglects to deny) the Arbitrator's account of her instances of disrespectful conduct and egregious obstruction of the arbitration process, the Court finds no basis to overturn the Arbitrator's decision or overcome the heavy legal presumption in favor of confirming that decision. Moreover, while Plaintiff very vaguely alleges some sort of conspiracy between the Arbitrator and Defendant, she provides absolutely no factual support for that theory. Accordingly, the Court **DENIES** Plaintiff's construed-as Motion to Vacate, (doc. 39). In light of the Arbitrator's ruling, which was issued more than 18 months ago, the Court **DISMISSES** this case. The Court **DIRECTS** the Clerk of Court to **LIFT** the stay in this case, **TERMINATE** all pending motions, **ENTER** the appropriate judgment of dismissal, and **CLOSE** this case.

**SO ORDERED**, this 11th day of April, 2025.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA